# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES D. DAVIS, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. RDB-19-30 |
| WARDEN CASEY CAMPBELL, | * | |
| Respondent. | * | |

## MEMORANDUM OPINION

Petitioner James D. Davis, an inmate at the Jessup Correctional Institution in Jessup, Maryland, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in which he collaterally attacks his 2005 conviction for attempted second-degree murder, armed robbery, and other lesser offenses. ECF No. 1. Respondents have filed a limited Answer in which they argue that the Petition should be dismissed as untimely. ECF No. 4. Pursuant to *Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002), Davis was afforded an opportunity to explain why the Petition should not be dismissed as time-barred. ECF No. 5. Davis has responded. ECF No. 6. Upon review of the submitted materials, the Court finds no need for an evidentiary hearing. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; D. Md. Local R. 105.6 (D. Md. 2018). For the reasons set forth below, the Petition will be DISMISSED as time-barred.

## I.   Background

On January 24, 2005, Davis entered guilty pleas in the Circuit Court for Montgomery County in Case Numbers 100534 and 100675. In Case Number 100534 he pleaded guilty to attempted second degree murder, armed robbery, conspiracy to commit armed robbery, first degree assault, and use of a handgun in the commission of a qualifying crime. ECF No. 4-1, p. 8, Docket Entry ("DE") 74 (Docket Entries Montgomery County Circuit Court Case Numbers 100534 and

100675). Davis entered a plea of guilty in Case No. 100675 to another armed robbery. ECF No. 4-1, p. 25, DE 60.

Davis was sentenced in both cases on May 31, 2005. In Case No. 100675 he received a 10 year term of incarceration. ECF No. 4-1, p. 26, DE 72. In Case Number 100534 he was sentenced to a 30 year term of incarceration for attempted second-degree murder to run consecutively to the sentence imposed in Case No. 100675, as well as a concurrent 15 year term of incarceration for the armed robbery; a concurrent 15 year term of incarceration for conspiracy to commit armed robbery; and a consecutive 5 year term of incarceration for the use of handgun in the commission of a crime of violence. ECF No. 4-1, pp. 9-10, DE 87. As part of his plea agreement, Davis waived his right to request a sentence review panel and to apply for leave to appeal to the Maryland Court of Special Appeals. ECF 1-1 at p. 2.

On May 27, 2015, Davis filed a petition for post-conviction relief in the Circuit Court for Montgomery County. ECF No. 4-1, p. 10, DE 93, DE 80; *see also* ECF No. 1, p. 3. At that time, Davis was no longer imprisoned on the 10 year sentence imposed in Case No. 100675, which had expired no later than June 29, 2014. ECF 1-1, p. 4. Accordingly, the state post-conviction court determined that to the extent Davis intended to challenge that judgment, the petition was moot. ECF No. 4-1, p. 28, DE 89. Davis' application for leave to appeal that decision was denied as untimely. ECF No. 4-1, p. 28-29, DE 89, 91, 100.

In regard to Case No. 100534, the Petition for post-conviction relief was denied on March 31, 2016. ECF No. 4-1, p. 13, DE 122. Davis's application for leave to appeal was denied on September 27, 2016, with the court's mandate issued on October 27, 2017. *Id.*, p. 15, DE 140.

On November 27, 2018, Davis filed a Petition for Writ of Habeas Corpus in the Circuit Court for Anne Arundel County. The matter was transferred to the Circuit Court for Montgomery

County. ECF No. 4-1, p. 15, DE 141. The petition was denied on December 4, 2018 without a hearing. ECF 1-1, p. 33; ECF No. 4-1, p. 16, DE 143.

Davis filed the instant Petition on January 3, 2019. ECF No. 1. In the Petition, Davis contends that his indictment was defective and that counsel at all stages of his proceedings was ineffective for failing to argue this issue. *Id.*

## II. Discussion

Davis labeled the Petition as filed pursuant to 28 U.S.C. § 2241. ECF No. 1-2, p. 1. "[R]egardless of how they are styled, federal habeas petitions of prisoners who are 'in custody pursuant to the judgment of a State court' should be treated as 'applications under section 2254' . . . even if they challenge the execution of a state sentence." *In re Wright*, 826 F.3d 774, 779 (4th. Cir. 2016). Challenges to administrative rules, decisions, and procedures applied to a state sentence are challenges to the execution of a sentence and must be raised in a § 2254 petition. Accordingly, the Petition was docketed and has proceeded as having been filed pursuant to § 2254.

### A. Timeliness

A petition for a writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a) (2012). However, a petition is subject to the following statutory limitations period:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

3

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). This one-year period is, however, tolled while properly filed state post-conviction proceedings are pending. *See id.* at § 2244(d)(2).

Respondent asserts that the Petition should be dismissed as time-barred because it was filed well beyond the one-year limitations period set forth in 28 U.S.C. § 2244(d). ECF No. 4. Respondents correctly note that Davis' conviction became final on June 30, 2005, when the time for filing an application or leave to appeal his guilty-plea conviction expired. Md. Code Ann., Cts & Jud. Pro. § 12-302(e)(2); Md Rule 8-204(b)(2)(A). As such, Davis' time for filing a federal petition expired on June 30, 2006. *See* 28 U.S.C. § 2244(d)(1)(A). Although the period during the pendency of Davis' post-conviction petition is tolled, *see* 28 U.S.C. § 2244(d)(2), the time to file this Petition had expired long before the post-conviction petition was filed. Between the finality of Davis' conviction and the expiration of the limitation period, Davis had no application for state post-conviction relief or other collateral review pending which would have served to toll the limitations period. *Id.*

Davis states that he decided to file the instant petition after another inmate advised him that the indictment in Case No. 100534 was defective, ECF No. 1, p. 8, and characterized this information as "newly discovered evidence." *Id.*, p. 8. Under § 2244(d)(1)(D) the limitations period may begin to run for newly discovered evidence "when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognized their legal

significance." *Hasa v. Galaza*, 254 F.3d 1150, 1154, n.3 (9th Cir. 2001). "Conclusions drawn from preexisting facts, even if the conclusions are new, are not factual predicates for a claim." *Rivas v. Fischer*, 687 F.3d 514, 535 (2d Cir. 2012). The facts upon which Davis relies to support his claim that his indictment was defective were known to Davis and available to him from the onset of his state prosecution. Thus, he cannot invoke § 2244(d)(1)(D) as the triggering provision for the timing of these proceedings. Davis fails to suggest, and the Court cannot identify, any alternative reading of 28 U.S.C. § 2244(d)(l)(A)-(D) which would permit filing at this juncture.

### B. Equitable Tolling

The Court notes that under certain circumstances the statute of limitations for habeas petitions may be subject to equitable tolling. *See, e.g., Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000); *United States v. Prescott*, 221 F.3d 686, 687-88 (4th Cir. 2000). The Court of Appeals for the Fourth Circuit has consistently held that a party seeking to avail itself of equitable tolling must show that (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) prevented him from filing on time. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*). Further, to be entitled to equitable tolling a habeas petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted); *see also Harris*, 209 F.3d at 330 (stating that "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent" and "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result").

Davis argues that his limited intellect should serve as the basis for equitable tolling. ECF No. 6, p. 4; ECF No. 6-2. Davis offers that he has an IQ of 84 and reads on a sixth grade level. ECF No. 6, p. 4.[1] He does not allege that his reading ability or IQ prevents him from understanding the parameters of the one-year filing deadline or has otherwise prevented him from mounting other challenges to his conviction. In effect his claim is therefore one of ignorance regarding the law. Ignorance of the law does not constitute grounds for equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (stating that "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling"). Moreover, Davis' lack of knowledge cannot be considered "extraordinary" or something "external" to him. *See id.* ("Sosa's misconception about the operation of the statute of limitations is neither extraordinary nor a circumstance external to his control."); *see also Rouse*, 339 F.3d at 246; *Harris*, 209 F.3d at 330. Finally, although "[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence," *Holland*, 560 U.S. at 653 (internal citations and quotation marks omitted). This Court cannot find that Davis acted with reasonable diligence. Davis' conviction became final in 2005, thereby triggering the limitation period, but he delayed filing a federal Petition until 2019, almost fourteen years later. The Court concludes that Davis is not entitled to equitable tolling.

### C. Actual Innocence

To the extent that Davis argues he is entitled to have the untimely filing of this Petition excused because he is actually innocent, his argument also fails. Actual innocence is an "equitable *exception* to § 2244(d)(1), not an extension of the time statutorily prescribed." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013) (emphasis in original). "[A] credible showing of actual

---

[1] The November 12, 2014 "Forensic Psychological Evaluation" prepared by Michael J. O'Connell Ph.D. ABPP-F, indicates that Davis was "functioning in the low average range of intelligence." ECF No. 6-2, p. 2.

6

innocence may allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar to relief." *Id.* at 392. Thus, claims which are time-barred may be reached if "new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *Id.* at 395 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). In the context of an untimely petition, "[u]nexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." *Perkins*, 569 at 399. "It would be bizarre to hold that a habeas petitioner who asserts a convincing claim of actual innocence may overcome the statutory time bar § 2244(d)(1)(D) erects, yet simultaneously encounter a court-fashioned diligence barrier to pursuit of [his] petition." *Id.* "This rule, or fundamental miscarriage of justice exception, is grounded in the equitable discretion of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *Id.* at 392.

Examples of the type of new evidence that have been found to satisfy the actual innocence gateway standard are: (1) new DNA evidence and expert testimony "call[ing] into question" the "central forensic proof connecting [the petitioner] to the crime," as well as "substantial evidence pointing to a different suspect," *House v. Bell*, 547 U.S. 518, 540-41 (2006); (2) "sworn statements of several eyewitnesses that [the petitioner inmate] was not involved in the crime" and affidavits "that cast doubt on whether [the petitioner inmate] could have participated" in the offense, *Schlup*, 513 U.S. at 331; (3) a third party's consistent and repeated statement that the third party committed the offense, *Jones v. McKee*, No. 08 CV 4429, 2010 WL 3522947, at *9-10 (N.D. Ill. Sept. 2, 2010); *Carringer v. Stewart*, 132 F.3d 463, 478-79 (9th Cir. 1997) (finding that the petitioner opened the actual innocence gateway where another person testified under oath that he committed the offense and separately boasted to other individuals that he set-up the petitioner); and (4)

7

documentary evidence indicating that the petitioner was in another country on the day of the offense and five affidavits from individuals stating that the petitioner was outside the country at the precise time of the offense, *see Garcia v. Portuondo*, 334 F. Supp. 2d 446, 452-56 (S.D.N.Y. 2004). *See generally Schlup*, 513 U.S. at 324 (providing the Supreme Court's statement that examples of sufficient new reliable evidence for a gateway claim including "exculpatory evidence, trustworthy eyewitness accounts, or critical physical evidence").

Davis pleaded guilty. He has failed to offer any new evidence in support of his claim of actual innocence. As such, he is not entitled to the have his untimely filing excused. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup*, 513 U.S. at 315-17. "'To be credible, a claim of actual innocence must be based on reliable evidence not presented at trial." *Id.* at 324.

The Supreme Court "caution[ed]... that tenable actual-innocence gateway claims are rare: 'A petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror acting reasonably would have voted to find him guilty beyond a reasonable doubt.'" *Perkins*, 569 U.S. at 386 (brackets omitted) (quoting *Schlup*, 513 U.S. at 329); *House*, 547 U.S. at 538; *Wilson v. Greene*, 155 F.3d 396, 404 (4th Cir. 1998) ("Claims of actual innocence . . . should not be granted casually.") (internal citations omitted). To sustain a credible claim of actual innocence a petitioner must marshal "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S at 324. "Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Id.* at 324. The gateway actual innocence "standard is demanding and permits review

only in the extraordinary case." *House*, 547 U.S. at 538 (citation omitted); *see, e.g., Perkins*, 569 U.S. at 401 ("We stress once again that the [actual innocence] standard is demanding."); *Wilson*, 155 F.3d at 404 ("Claims of actual innocence . . . presented . . . as gateways to excuse a procedural default . . . should not be granted casually.").

### III. Certificate of Appealability

When a district court dismisses a habeas petition, a Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects constitutional claims on the merits, a petitioner satisfies the standard by demonstrating that "jurists of reason could disagree with the district court's resolution of [the] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)). When a petition is denied on procedural grounds, the petitioner meets the standard by showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because Davis fails to satisfy this standard, the Court declines to issue a Certificate of Appealability. Davis may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

### IV. Conclusion

For the foregoing reasons, the Petition is DISMISSED as time-barred. The Court declines to issue a Certificate of Appealability. A separate Order shall issue.

_OCTOBER 1, 2019_  
Date

_/s/ R.D.B._  
RICHARD D. BENNETT  
UNITED STATES DISTRICT JUDGE

9